IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John D. Lynch, II, | Civil Action No. 3:24-cv-2856-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Robert Kosciostio and Chief of Emergency 2014 Lexington Medical Center, | |
| Defendants. | |

This matter is before the court on Plaintiff's Complaint.  ECF No. 1. He claims Defendants made omissions in his care during a hospital stay in 2014, and that his medical records were destroyed. He alleges violations of EMTALA, the Emergency Medical Treatment and Active Labor Act. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

Defendants, despite not being served, filed a motion to dismiss or, in the alternative, a motion for more definite statement on May 28, 2024. ECF No. 6. On May 31, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction.  ECF No. 12.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff filed a response in opposition to Defendants' motion to dismiss, as well as his curriculum vitae as an attachment. ECF Nos. 15, 16.  He also filed a declaration of homelessness and a notice of change of address. ECF Nos. 18, 20.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

The Report recommends Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction – Plaintiff did not affirmatively plead jurisdiction of the federal court. ECF No. 12 at 4-5. Further, Plaintiff has not shown Defendants are state actors, as required to bring an action under § 1983. The Report recommends Defendants' motion to dismiss be termed as moot if the court accepts the Magistrate Judge's recommendation of dismissal.

Plaintiff filed a response in opposition to the motion to dismiss. ECF No. 15.[1] He objected to Defendants' assertion that proper service had not been effected, noting he needed to know whether Dr. Kosciostio was an employee of Lexington Medical Center or a contractor. He stated this was not a medical malpractice complaint, but instead was one for violations of EMTALA and constitutional rights. He also "requests clarification as to Lexington Medical Center as a 'government entity.'" *Id.* at 2.

---

[1] He also filed his curriculum vitae and a notice of homelessness, which do not add any substantive information.

2

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Plaintiff's filings and objections, the court agrees with the Report's recommendation the matter should be dismissed for lack of jurisdiction. Plaintiff does not assert the proposed Defendants are state actors such that suit can be brought under § 1983.[2] Diversity jurisdiction does not apply as Plaintiff has not alleged facts sufficient to show diversity of citizenship or damages of over $75,000. In addition, it appears that this case was brought outside the statute of limitations and would be subject to dismissal on that ground as well. Accordingly, the court adopts the Report by reference in this Order. This matter is hereby summarily dismissed without prejudice. Defendants' pending motion (ECF No. 6) is dismissed as moot.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 26, 2024

---

[2] Although Plaintiff asserts this is not a medical malpractice claim, the court notes Plaintiff may not bring a negligence case pursuant to the South Carolina Tort Claims Act in federal court.